Henry J. Latham, J.
In this proceeding petitioner seeks an order restraining the Board of Elections from printing the name “ Emil Levin Party ” on the official ballots or voting machines to be used in the special elction to be held on February 20, 1962, for the office of Representative in Congress, 6th Congressional District of New York.
Petitioner contends that the use of such name as the party name for the independent body supporting the candidacy of Emil Levin violates sections 20,104 and 248 of the Election Law.
Section 20 of the Election Law prohibits the use of certain words in the party name and of certain symbols in the party emblem. Petitioner argues that since said section forbids the use of the portrait of any person as a party emblem, the spirit of the Election Law requires a like prohibition against the use of a candidate’s name as a party name. This argument is without merit. The words which may not be used as part of a party name are specifically set forth in the statute. While it may be argued that other words which simulate those proscribed are within the ban, it cannot be argued that the name of the individual candidate here involved could be confused with any of the words which the statute forbids. Nor does it follow that because a portrait may not be used as an emblem a candidate’s name cannot be used as the name of his party.
Section 104 deals with the order of names upon the ballot or voting machine. On the argument of this application petitioner’s counsel conceded that section 104 has little applicability. The argument made under this section parallels the argument made under section 248.
*699 Section 248 provides that if a person be nominated for an office only by one or more independent bodies his name shall appear but once upon the voting machine. Petitioner argues that by including the candidate’s name in the party name his name will appear more than once.
It is apparent that the intent of the Legislature was to present an independent candidate’s name only once under a voting lever. The case is different with respect to party nominations. Presumably respondent Levin will gain no more advantage from having his party name appear at the left side of the machine than will the other candidates from the similar appearance of their parties’ names in the same size type and in the same relative position. Certainly there will be no confusion arising from the use of this party name.
The court finds that there is nothing unfair in the use of the name which is challenged herein nor any violation of the letter or spirit of the Election Law. The application is denied and the stay contained in the order to show cause is hereby vacated.